**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-30682
(Summary Calendar)

MARTIN WILLIAMS,

Plaintiff-Appellant,

versus

FEDERAL EXPRESS CORPORATION,

Defendant-Appellee.

.

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-619)

April 23, 1997
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Martin Williams ("Williams") appeals the district court's grant of summary judgment.

Williams filed suit under the Louisiana Fair Employment Practices Act, La.R.S. 23:1006, and the

Louisiana Commission on Human Rights Act, La.R.S. 51:2242 against Federal Express Corporation

("FedEx"). He later added claims under the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e,

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

et. seq. ("Title VII") and the Civil Rights Act of 1991.  The court dismissed the civil rights claims and granted summary judgment for FedEx on the state claims.  After carefully reviewing the record and the briefs, we affirm.

Williams' Title VII claim was dismissed by the district court because he failed to timely file a charge of discrimination with the EEOC, which Williams admitted to in a November 30, 1994 deposition. In his appellate brief, Williams makes no mention of the Title VII issue, thus, the issue of a Title VII violation is not before us on this appeal. As such, we will consider Williams' state claims.

When considering claims arising under the state discrimination laws, Louisiana state courts and federal courts construing Louisiana laws have typically looked to federal laws, specifically Title VII, when interpreting the meaning of anti-discrimination statutes. Thus, the district court found, after applying a Title VII analysis, that the facts adduced did not support a finding that FedEx discriminated against Williams.

The district court found that Williams did not make a prima facie case of discrimination because he did not demonstrate that there were any non-minority employees who received preferential treatment under his same circumstances. See McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973); EEOC v. Brown & Root, Inc., 688 F.2d 338, 349 (5th Cir. 1982).  In order to establish a claim of disparate treatment, a plaintiff must show that the defendant gave preferential treatment to a non-minority employee under "nearly identical" circumstances. Little v. Republic Refinancing Co., Ltd., 924 F.2d 93, 97 (5th Cir. 1991) (quoting Smith v. Wal-Mart Stores, 891 F.2d 1177, 1180 (5th Cir. 1990) (per curiam).  A similarly situated employee, for purposes of disparate treatment claims, has been defined as an employee involved in or accused of the same offense and disciplined in a

different way. <u>Boner v. Board of Commissioners</u>, 674 F.2d 693, 697 (8th Cir. 1982).  None of the employees Williams referenced in supported of his argument fall into the category of a similarly situated employee, and therefore can not be the yard stick for measuring Williams' disparate treatment.

In the absence of any evidence reflecting the disparate treatment of similarly situated employees, we can not say that the district court erred in granting FedEx summary judgment. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Accordingly, we affirm the decision of the district court.

AFFIRMED.